Citation Nr: 21049988
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-60 820
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a cervical spine disability is remanded.

Entitlement to service connection for a right shoulder disability is remanded.

 

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force Reserve with periods of active duty service from August 1980 to July 1980, August 1990 to November 1990, and January 2, 1991 to August 1991.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an April 2017 rating decision issued by the Department of Veterans Affairs (VA) Regional Office.

These matters were previously before the Board in December 2018 but were remanded for further development of the record and to clarify the December 2016 VA medical opinion for the Veteran's right shoulder and cervical spine disability. In a May 2021 supplemental statement of the case (SSOC), her service connection claims were again denied. These matters are again before the Board for adjudication.

This appeal has been advanced on the Board's docket pursuant to 38 U.S.C. § 7107 (a)(2); 38 C.F.R. § 20.900 (c).

1. Entitlement to service connection for a right shoulder disability is remanded.

2. Entitlement to service connection for a cervical spine disability is remanded.

Unfortunately, additional remand is warranted before the Board can adjudicate the Veteran's claims. 

Following the Board remand, another VA examination was obtained in May 2021 to reconcile the conflicting evidence regarding the onset of the Veteran's cervical spine disability and the nature of the Veteran's right shoulder disability. However, the Board finds that the May 2021 VA medical opinion is inadequate for adjudication purposes. 

As an initial matter, the Board does not take issue with the VA examiner's reconciliation of the Veteran's right shoulder disability diagnosis. However, the Board finds that the VA examiner's medical opinion regarding the etiology of her right shoulder and cervical spine disability is inadequate. The Board notes that aside from the specific diagnosis of her disabilities, the rationale for each disability is essentially the same. 

Specifically, the Board finds that the May 2021 VA examiner's opinion is inconsistent with the prior, January 2020 VA examiner's opinion. The January 2020 VA examiner explained that "[d]egenerative disc disease can result from simple wear and tear, age, or may have a traumatic cause," and "[a]n insignificant injury to the disc can start a degenerative cascade that wears the disc out." By comparison, the May 2021 VA examiner stated that "[d]egenerative spine disease is a naturally occurring condition due to normal wear and tear and aging, with natural 'desiccation of the discs. The[V] eteran's degenerative spine disease was age-appropriate at the time of diagnosis and there are no events in service pre-disposing the [V]eteran to the formation of naturally occurring degenerative spine is." Thus, where the January 2020 VA examiner explained that traumatic injury may cause the onset of degenerative disease, the May 2021 VA examiner stated it was "naturally occurring." The May 2021 examiner did not acknowledge a potential traumatic cause for arthritis or, to this end, address whether the Veteran's in-service injuries, whether lifting heavy sandbags or lifting patients while deployed, might have been such a causative traumatic injury. Relatedly, the May 2021 VA examiner dismissed these events as a potential cause based on the absence of evidence. The examiner did not address whether the injuries might have caused the onset of the conditions, even if they remained asymptomatic, until later. 

Based on the foregoing reasons, the Board finds that the May 2021 VA medical opinion for the Veteran's right shoulder and cervical spine is inadequate to resolve the complex medical issues raised by the claims. 

Finally, further efforts should be made to obtain the Veteran's relevant medical treatment records from Green Hill Chiropractic. Specifically, the private chiropractor indicated that the Veteran was treated for her right-side neck, upper back, right shoulder pain to the right arm from July 1983 to October 2015. The Board notes that the VA contacted the Veteran in September 2019 to obtain "any" private treatment records following the December 2018 remand. In response, the Veteran submitted some records, but only from 2014. It does not appear that specific efforts have been made to obtain the treatment records since July 1983. As the January 2020 VA examiner found these necessary, further efforts to obtain the medical treatment records from Green Hill Chiropractic should be made. 

Accordingly, a remand is warranted to obtain the relevant private medical treatment records and to obtain a new VA examination. 

These matters are REMANDED for the following action:

1. Contact the Veteran to obtain the necessary information and authorization to obtain medical treatment records from Green Hill Chiropractic since July 1983. All attempts to secure this evidence must be documented in the electronic claims file.

2. After completing all action in paragraph 1, schedule the Veteran for a new VA examination with a different VA examiner. The VA examiner is requested to provide an opinion to the following questions:

(a.) Is it at least as likely as not that the Veteran's cervical spine disability is related to an in-service injury, event, or illness, to include lifting patients over her head on a litter or throwing sandbags? The examiner should specifically address the chiropractor's August 2016 opinion and the Veteran's contention that her current neck pain manifested in service when she lifted heavy sandbags and soldiers on stretchers while deployed to Saudi Arabia and that her neck pain has continued since. The examiner should also consider a prior examiner's January 2020 opinion that traumatic causes may initiate the onset of degenerative disease. The examiner is asked to address whether the current condition is the type that might be expected to have resulted from traumatic injuries during service, as described, instead of a more recent onset. 

(b.) Did the Veteran have a pre-existing right shoulder disability prior to any period of her active duty service in August 1980 to July 1980, August 1990 to November 1990, January 1991 to August 1991). If the Veteran's right shoulder disability pre-existed any period of her active duty service, was it aggravated to any degree beyond its natural progression during any period of active duty service, ACDUTRA, or INACDUTRA. 

If the Veteran's right shoulder disability did not pre-exist any period of active duty service, is it at least as likely as not that the Veteran's right shoulder disability is related to an in-service injury, event, or illness, to include her lifting patients over her head on a litter and throwing sandbags? The examiner should specifically address the Veteran's contention that her right shoulder pain manifested in service when she lifted heavy sandbags while deployed to Saudi Arabia and that her shoulder pain has continued since. The examiner should also consider a prior examiner's January 2020 opinion that traumatic causes may initiate the onset of degenerative disease. The examiner is asked to address whether the current condition is the type that might be expected to have resulted from traumatic injuries during service, as described, instead of a more recent onset. 

In answering these questions, the examiner is asked to consider the statements from the Veteran regarding her history of symptoms. The examiner is asked to explain why her statements make it more or less likely that a current condition started during service. If indicated, it should be explained whether there is a **medical** reason to believe that the Veteran's recollection of his symptoms during and after service may be inaccurate or not medically supported as the onset or cause of his current diagnosis. 

The examiner should not rely on silence in the medical records unless it can be explained: (a) why the silence in the available records can be taken as proof that the symptom(s) did not occur, including why the fact would have normally been recorded if present, or (b) why the absence of medical records is medically significant. 

 

 

Corey Bosely

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. Xiong, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.